7115

### TINDAL v. SUBLETT.

1. APPEAL—EQUITY—JURISDICTION.—This Court has no power to review the findings of fact by a jury in an equity case where the verdict is not set aside by the trial Judge.

2. CONTRACTS—TRUSTEE.—THE BURDEN OF PROOF is on one occupying a fiduciary relation to another to show that a transaction between them was fair and honest.

3. APPEAL—EVIDENCE.—This Court will not consider exceptions alleging error in admission of evidence unless appellant shows there was reasonable grounds for supposing the evidence objected to was prejudicial to his rights.

4. EXECUTOR—TRUSTEE.—Under the findings by the jury in this case, there was no error in trial Judge removing executor trustee.

Before PRINCE, J., Clarendon, December, 1907. Affirmed.

Action by Helen Tindal et al. against Richard A. Sublett, in his own right and as executor and trustee, and Laura A. Sublett. From Circuit decree, defendants appeal.

*Messrs. Purdy & O'Bryan, R. J. Bland, Charlton DuRant* and *Bellinger & Welch,* for appellant.

*Messrs. Purdy & O'Bryan* and *R. J. Bland* cite: *Degree of soundness of mind necessary to make a valid conveyance:* 4 Iv., 443; 64 S. C., 256. *Jury and Court are bound by uncontradicted evidence:* 52 Ia., 103; 1 Cow., 109; 173 N. Y., 79; 28 Ill., 161; 80 Ill., 51; 5 Pick., 244; 25 Fed. Cas., No. 15091; 140 U. S., 417; 145 Mo., 502; 150 Mo., 137. *Memory of an aged witness is usually regarded as untrustworthy:* 12 How., 472; 32 N. J. Eq., 701; 2 Wood. & M., 426; 1 Bradf., 456; Colegree on Memory, 341; 22 S. W., 324; 2 Den., 354. *No confidential relationship established in this case:* 8 A. & Eng. Dec. in Eq., 231; 45 N. J. Eq., 863. *Verdict should be set aside:* 81 S. C., 329; 5 Strob. L., 189; 3 Strob., 552; 64 S. C., 256; 29 Ency., 105; 16 S. C., 344; 8 Am. & Eng. Dec. in Eq., 230; 38 S. C., 215; 30 S. C., 246; 35 N. J. Eq., 303; 52 N. Y., 274; 163 N. Y., 43; 29 N. J. Eq., 187; 10 Fed. Cas., No. 5257. *Any confidential relation between Sublett and Mrs. Tindal could not affect Mrs. Sublett in absence of knowledge on her part:* 15 S. C., 57; 78 S. C., 482; 9 Ency. P. & P., 684-5; 58 S. C., 59. *Inadequacy of consideration is not a substantial ground to set aside a deed:* Story's Eq. Jur., 248; 8 Wall., 362; 21 S. C., 261; 64 S. C., 233.

*Mr. Bellinger* cites: *Weakness of mind because of old age does not amount to incapacity to contract:* 17 Am. Dec., 327; 15 Am. Dec., 357; 31 Ga., 512; 4 McC., 183; 85 Mo., 217; 49 Conn., 390; 1 Par. Con., 387; 24 Ind., 245; 86 Fed., 53; 53 Fed., 415; 26 Wend., 353; 3 Atk., 168; 41 Me., 586; 4 Cow., 216; 44 N. H., 531; 8 Rich. Eq., 18; 2 McC. Eq., 38; 4 DeS. Eq., 83. *As to burden of proof of fraud and undue influence:* 4 Strob. L., 438; 44 S. C., 378; 16 S. C., 344; 16 S. C., 346; 5 Rich. Eq., 458; 109 N. W., 623; 57 S. E., 283; 15 S. E., 74; 32 S. E., 203; 37 S. E.,

617; 15 S. E., 85; 103 N. W., 225; 32 S. C., 171; 20 S. C., 232; 52 S. C., 132, 472; 46 N. Y. Supp., 321; 2 Ency. Ev., 810; 26 S. C., 61; 68 S. C., 318; 57 S. E., 783; 227 Ill., 382. *A deed may not be avoided for undue influence not tainted with fraud:* 116 Ill., 340; 117 Ill., 213; 132 Id., 385; 147 Id., 370; 180 Id., 407.

*Messrs. Lee & Moise, Haynsworth & Haynsworth* and *Davis & Weinberg,* contra.

*Messrs. Lee & Moise* cite : *Facts in equity case found by jury and confirmed by trial Judge are not reviewable here:* Con., art. V, sec. 4; Code 1902, sec. 11, sub C; 51 S. C., 431; 77 S. C., 319; 65 S. C., 78; 33 S. C., 389; 79 S. C., 427. *Burden of proof in cases of fraud:* 3 Green. Ev., sec. 253; 1 Green. Ev., sec. 43a; 46 S. C., 372; 66 L. R. A., 261; 2 Pom. Eq. Jur., secs. 956, 963; 6 Ency. of Ev., 6, 10, 11, 12; 68 N. C., 76. *Fraud may be presumed from facts and circumstances:* 24 Tex. Civ. App., 229; Dud. Eq., 42; 4 DeS., 651; 3 DeS., 273; 25 Strob. Eq., 72; 19 S. C., 606; 21 S. C., 261; 5 Rich. Eq., 450; 2 Pom. Eq. Jur., sec. 927; 94 U. S., 506; 72 S. C., 270; 57 S. C., 413; 24 S. C., 1; 52 S. C., 472; 30 S. C., 467; 4 L. R. A., 637. *Transactions rendered void by mental incapacity:* N. J. 7 Cent. R., 134; 3 Bligh N. R., 1; 3 Bush, 644; 72 N. Y., 400; 2 Pom. Eq. Jur., 466, 467; 2 Eq. Lead. Cas., 556. *Mental weakness raises presumption against validity of transactions:* 2 Giff., 157; L. R. 10 Ch., 15; 6 DeG. M. & G., 424; 72 N. Y., 400; 75 N. Y., 91; 94 U. S., 506; 2 Pom. Eq. Jur., 457; 64 N. C., 374; 6 Caldw., 442; 5 Jones Eq., 61; 26 Mich., 484; 35 N. Y., 559; 2 New Eng. R., 91; 141 Mass., 329. *Inadequacy of consideration is evidence of fraud:* 5 Black. C., 509; 7 Ind., 250; 100 Ind., 127; 56 Cal., 89; 62 Ala., 245; 41 Ia., 671; 4 W. R., 548; 106 Ind., 483; 94 U. S., 511; 24 U. S., 11; 14 Mich., 541; 3 Cow., 537; 7 Cent. R., 5556; 118 U. S., 133; 2 Ind. Eq., 618. *Conveyances obtained by undue*

*influence set aside:* 28 U. S., 53; 24 U. S., 11; 69 Ia., 69. *Undue influence may be implied from the relation of the parties:* 6 Caldw., 440; 44 Mo., 535; 9 Gratt., 330; 24 Tex., 420; 6 I. Eq., 124; 7 Ia., 60; 40 Ala., 301; 24 U. S., 11; *and burden is on transferee:* 2 Pom. Eq. Jur., 955; 40 Ark., 28; 9 Ves. Jr., 295; 14 Ves. Jr., 273; 15 Bear., 234; 31 Bear., 80; 39 Conn., 392; 34 N. Y., 169; 75 N. Y., 100; 107 Mass., 100; 69 Ala., 555; 1 Story Eq. Jur., 321-2. *Amendment of answer after verdict properly refused:* Code of Proc., 170, 194, 274; 9 S. C., 275, 582; 4 S. C., 48; 29 S. C., 285; 30 S. C., 564; 51 S. C., 164; 60 S. C., 417; 11 Ency. P. & P., 701; 5 S. C., 411; 35 S. C., 417; 60 S. C., 485; 26 S. C., 415; 31 S. C., 204; 24 S. C., 165; 21 S. C., 221, 226. *Rule as to admission of evidence where fraud is charged:* 75 S. C., 338; 73 S. C., 80; 20 S. C., 508; 12 S. C., 166; 122 Cal., 195; 6 Ency. Ev., 22, 23, 24; 92 Md., 190.

*Messrs. Haynsworth & Haynsworth* cite: *Where fiduciary relation exists burden is on transferee to show fair transaction:* 5 Current L., 1545, N., 76; 16 S. C., 344; 1 Big. on Fraud, 373. *Motion to amend answer comes too late after verdict:* Code of Proc., 194; 51 S. C., 169; 21 S. C., 226, 221; 30 S. C., 561, 199. *Charge of fraud renders all evidence to sustain it admissible:* 20 S. C., 508; 12 S. C., 166; 75 S. C., 334. *Silence may constitute acquiescence in fraud:* 20 Ency., 86; 91 N. Y. S., 917. *As to inadequacy price:* 1 DeS., 292; 94 U. S., 506; 4 DeS., 651; 19 S. C., 607. *As to infirmity of body and mind and undue influence:* 11 Wheat., 103; 24 S. C., 1.

March 12, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action to set aside a deed on account of undue influence, and for partition.

James H. Tindal died in 1858, leaving as his heirs at law his widow, Sarah Tindal, two sons, who died during the

War Between the States, a daughter, Mary Rembert, another daughter, Laura Alice, now Mrs. Sublett, one of the defendants in this case, and his youngest son, Ezra Allen Tindal.

By the terms of his will he devised and bequeathed to his daughter, Mary Rembert, land and slaves, and made similar provision for his daughter, Laura Alice, and his sons, Henry L. Tindal and James Tindal; and by the first clause of his will he devised to his wife, Sarah Tindal, the use of his plantation, whereon he then resided, for and during the term of her natural life, and after her death to his son, Ezra Allen Tindal, to his use and the issue of his body.

Subsequent to the War Between the States the testator's estate was divided by a parol partition, in which was included the lands and other property which was devised to the two sons, Henry L. and James, who died during the war. Throughout these proceedings the family recognized that the home plantation, the subject-matter in the present suit, belonged to the widow, Sarah Tindal, during her life, and at her death to her youngest son, Ezra Allen Tindal, and the issue of his body.

In 1878 the daughter, Laura Alice Tindal, married the defendant, Richard A. Sublett. Upon their marriage the defendant, Sublett, returned to the State of Texas, where he pursued the profession of a minister, and from Texas he and his family removed to Atlanta, Ga. He did not prosper, and in 1893 or 1894, upon the invitation of Ezra Allen Tindal, Mrs. Sublett and her husband came to Clarendon county, S. C., and took up their abode at the old homestead occupied by Mrs. Sarah Tindal, the widow, and Ezra Tindal and family.

Ezra Tindal died in 1894, leaving his mother, Mrs. Sarah Tindal, his own widow and children, and the defendant, Richard A. Sublett, and his wife, living upon the said plantation.

After the death of Ezra A. Tindal it appears that the defendant, Richard A. Sublett, took charge of the entire household and estate, and managed the same as the agent of Mrs. Sarah Tindal. Soon thereafter, on account of these new and unpleasant relations, Ezra Tindal's widow and children left the home.

The defendant, R. A. Sublett, upon investigating the title to the plantation in question, discovered that it did not belong to James H. Tindal, the testator, but was the property of his widow, Sarah Tindal, who inherited the same from her father, Ezra Allen, about the year 1842.

In June, 1898, R. A. Sublett prevailed upon Mrs. Sarah Tindal to make her will, whereby she directed that the said plantation be divided into three parts, one of which was to go to the children of the daughter of the testatrix, Mary Rembert, who had predeceased her mother; another part was to go to the children of her son, Ezra Allen Tindal, and the remaining one-third was to go to the wife of R. A. Sublett.

Richard A. Sublett was nominated executor of the will and trustee thereunder, with full power to make sale of the property without advertisement. Strict secrecy as to this will was enjoined by Richard A. Sublett.

In November, 1900, R. A. Sublett prevailed upon Mrs. Sarah Tindal, who was then more than eighty-three years of age, to execute unto him a lease for the term of eight years of the plantation in question, for one hundred dollars per annum as rent, payable on the 25th of December of each year, with the right on the part of Mrs. Sarah Tindal to live in the dwelling-house as a member of his family without board.

In 1904 Mrs. Sarah Tindal executed to the defendant, Laura A. Sublett, a deed to the said plantation for the stated consideration of $7,500, Mrs. Tindal being at that time about eighty-nine years of age. To secure the purchase money Richard A. Sublett caused his wife, Laura A. Sub-

lett, to execute her bond and mortgage unto Mrs. Sarah Tindal, which was not to be payable until one year after the death of the grantor, and in the meantime it bore no interest. The deed and mortgage were withheld from record for a considerable time. Mrs. Sarah Tindal died on the 25th of May, 1905.

Upon the call of the case the following issues were submitted to the jury, under Rule 28 of the Circuit Court, and the following answers returned by the jury:

Q. "Was the sum of seventy-five hundred dollars mentioned in the deed, and referred to in the complaint and answer, herein, far below the real and actual value of the plantation described in said deed at the time of the execution thereof? A. Yes.

Q. "Was said price grossly inadequate? A. Yes.

Q. "What was the tract of land described in the complaint reasonably worth at the time of the execution of the said deed? A. Fifteen thousand dollars.

Q. "Was Mrs. Sarah Tindal so enfeebled by old age and physical infirmities that she did not have mental capacity sufficient to understand what she was doing at the time of the execution of the said deed? A. Yes.

Q. "Did the defendants exercise undue influence on Mrs. Sarah Tindal, and did they thereby obtain the execution and delivery of said deed? A. Yes."

The findings by the jury were confirmed by his Honor, the Circuit Judge, and from his decree the defendants appealed upon numerous exceptions.

We will first consider those exceptions assigning error on the part of his Honor, the Circuit Judge, in refusing to set aside the verdict of the jury.

Article V, section 4 of the Constitution, provides that the Supreme Court "shall have appellate jurisdiction only in cases of chancery, and in such appeals they shall have the power to review the findings of fact as well as the law, except in chancery cases, where the facts are settled by a jury, and the verdict not set aside." * * *

In the Code of Procedure, section 11, subdivision C, there is a similar provision.

In the case of *Lampley* v. *R. R.*, 77 S. C., 319, 325, 57 S. E., 1104, the Court uses this language: "By the Constitution it is created a Court, having appellate jurisdiction only in chancery cases, and only in such cases having power to review the findings of fact as well as the law. Even in chancery cases, where the facts are settled by a jury and the verdict is not set aside, it has no power to review the facts."

It thus clearly appears that this Court cannot review the facts found by the jury. These exceptions are, therefore, overruled.

The next exceptions that will be considered are those assigning error on the part of his Honor, the Circuit Judge, in ruling that the burden of proof was on the defendants to show that the transaction was fair and honest.

His Honor, the presiding Judge, charged the jury as follows: "I charge you that there is a difference between a contract entered into between strangers, dealing at arm's length, and one between persons occupying a fiduciary relation; the latter being always closely scrutinized, and, in fact, being presumptively invalid, and such presumption being overcome only by clear evidence of good faith, full knowledge, and of independent consent and action." There are other portions of this charge to the same effect.

The ruling of the Circuit Judge is sustained by the case of *Way* v. *Ins. Co.*, 61 S. C., 501, 39 S. E., 742, and the authorities cited in the argument of the respondent's attorneys. These exceptions are also overruled.

The next exceptions that will be considered are those assigning error on the part of the Circuit Judge in the admission of certain testimony.

It will not be necessary to consider these exceptions *seriatim,* as the appellants have failed to show that there are reasonable grounds for supposing that the testimony in

question was prejudicial to the rights of the defendants. These exceptions are also overruled.

We next proceed to consider the exceptions assigning error in refusing to allow the defendants' attorneys to amend their answer by setting up the lease, before mentioned, after the jury had rendered their verdict. The reasons assigned by his Honor, the Circuit Judge, are satisfactory to this Court, and show that there was not an abuse of discretion.

We next proceed to consider those exceptions assigning error in the refusal of the motion for a new trial. They merely involve questions of fact and are not the subject of review by this Court, as the verdict of the jury, which disposed of the case, was not set aside.

We lastly proceed to consider those exceptions assigning error in the removal of Richard A. Sublett as executor and trustee under the will of Mrs. Sarah Tindal. The findings of the jury conclusively show that there was no error in such removal.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.